# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* BRANDON MICHAEL PROSINSKI.

---

CHRISTINA JOHNSON,

      Petitioner-Appellee,

v

BRANDON MICHAEL PROSINSKI,

      Respondent-Appellant.

UNPUBLISHED
December 11, 2018

No. 344167
Washtenaw Probate Court
LC No. 18-000300-MI

---

Before: BOONSTRA, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

Respondent, Brandon Michael Prosinski, appeals as of right the order of the probate court granting the petition for involuntary treatment of mental illness and ordering respondent to undergo mental health treatment for up to 90 days, with up to 60 days of hospitalization. We affirm.

Petitioner, Christina Johnson, a social worker with Community Mental Health in Washtenaw County, filed a petition seeking involuntary treatment of respondent's mental illness. The petition alleged that respondent was an individual with mental illness, and as a result of that mental illness could reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself or others, and that respondent had engaged in acts or made significant threats that were substantially supportive of that expectation. The petition also alleged that respondent's judgment was so impaired by mental illness that he was unable to understand his need for treatment, and that his impaired judgement presented a substantial risk of significant harm to himself or others. The petition was based upon Johnson's observations of respondent's aggressive behavior, disorganized thoughts, irritability, and antagonistic statements to others.

At the initial hearing on the petition, Johnson testified that respondent had threatened to burn down the building in which she worked, and was reported to have asked, "How many people in here do I have to kill?" while having a meal at a shelter. Johnson further testified that respondent was at risk of starting conflicts with others because he often shouted random obscene and confrontational statements at others while responding to internal stimuli. She further

-1-

observed that respondent had delusional beliefs, such as believing that he knows various presidents, and was becoming increasingly agitated and disorganized in his thinking, making statements such as, "Well, I'm really confused 'cuz it's 16 and 24 and if it's 24 I'm a danger to myself or others and if it's 16 I'm just waiting on Mary Poppins." Johnson requested that the probate court order a psychiatric evaluation of respondent because she had been unable to convince respondent to attend an evaluation voluntarily. After the initial hearing, the probate court ordered that respondent undergo psychiatric evaluation.

Respondent was evaluated by two psychiatrists at the University of Michigan Hospital in Ann Arbor. Both psychiatrists determined that respondent was mentally ill and both concluded that respondent was a potential danger to himself and others. At a hearing on the petition, Dr. Heather Schultz, one of the psychiatrists who had evaluated respondent, testified that respondent has numerous symptoms indicating psychosis and a substantial thought disorder. She testified that respondent focuses on various themes that are bizarre and nonsensical, and becomes irritable and defensive to the extent that hospital security had been kept standing by during respondent's evaluations. Dr. Schultz further testified that respondent is unable to understand his need for mental health treatment, and recommended that respondent be ordered to undergo mental health treatment. Respondent also testified, denying that he needed mental health treatment. At the conclusion of the hearing, the probate court found that clear and convincing evidence demonstrated that respondent was a person requiring mental health treatment under MCL 330.1401(1)(a) and (c). The trial court ordered that respondent undergo up to 90 days of treatment, with up to 60 days of hospitalization. On appeal to this Court, respondent argues that the probate court clearly erred by failing to articulate the evidence supporting its determination that respondent was a person requiring treatment under MCL 330.1401(1)(a) and (c). We disagree, finding the record evidence to amply support the probate court's determination.

We review the probate court's dispositional rulings for an abuse of discretion, while reviewing for clear error the factual findings underlying a probate court's decision. *In re Bibi*, 315 Mich App 323, 328; 890 NW2d 387 (2016). The probate court abuses its discretion when it "chooses an outcome outside the range of reasonable and principled outcomes." *Id*. at 329 (quotation marks and citation omitted). "A probate court's finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*. (quotation marks and citation omitted).

Before the probate court can order a person to receive involuntary mental health treatment under § 468 of the Mental Health Code, MCL 330.1468, the probate court must find that clear and convincing evidence establishes that the respondent is a "person requiring treatment" under MCL 330.1401(1). See MCL 330.1465 ("[a] judge or jury shall not find that an individual is a person requiring treatment unless that fact has been established by clear and convincing evidence.") MCL 330.1401(1) provides, in relevant part:

(1) As used in this chapter, "person requiring treatment" means . . . :

(a) An individual who has mental illness, and who as a result of that mental illness can reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself, herself, or another

individual, and who has engaged in an act or acts or made significant threats that are substantially supportive of the expectation.

* * *

(c) An individual who has mental illness, whose judgment is so impaired by that mental illness that he or she is unable to understand his or her need for treatment, and whose impaired judgment, on the basis of competent clinical opinion, presents a substantial risk of significant physical or mental harm to the individual in the near future or presents a substantial risk of physical harm to others in the near future.

"Mental illness" is defined as "a substantial disorder of thought or mood that significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life." MCL 330.1400(g). Upon a finding that an individual is a person requiring treatment under MCL 330.1401(1), the probate court may order mental health treatment under MCL 330.1468(2), which provides, in relevant part:

(2) . . . [I]f an individual is found to be a person requiring treatment, the court shall do 1 of the following:

(a) Order the individual hospitalized in a hospital recommended by the community mental health services program or other entity as designated by the department.

(b) Order the individual hospitalized in a private or veterans administration hospital at the request of the individual or his or her family, if private or federal funds are to be utilized and if the hospital agrees. . . .

(c) Order the individual to undergo a program of treatment that is an alternative to hospitalization and that is recommended by the community mental health services program or other entity as designated by the department.

(d) Order the individual to undergo a program of combined hospitalization and alternative treatment or hospitalization and assisted outpatient treatment as recommended by the community mental health services program or other entity as designated by the department.

(e) Order the individual to receive assisted outpatient treatment through a community mental health services program, or other entity as designated by the department, capable of providing the necessary treatment and services to assist the individual to live and function in the community as specified in the order. . . .

In this case, the probate court did not clearly err in finding that clear and convincing evidence established that respondent was a person requiring treatment under MCL 330.1401(1)(a) and (c). First, the record includes clear and convincing evidence that respondent has mental illness as defined by MCL 330.1400(g). Dr. Shultz testified that respondent has substantial disorder of thought, with numerous symptoms suggestive of psychosis. She testified

that the thought disorder caused him to focus on bizarre and nonsensical themes, and then to become irritable and defensive. She further testified that respondent was at high risk of unintentionally harming himself or others because he lacked understanding of reality. Dr. Schultz further testified that respondent's mental illness also caused him to struggle to meet his basic needs, such as housing.

The record further demonstrates that as a result of his mental illness, respondent was likely to injure himself or others, and that his acts and threats supported this conclusion. Respondent had threatened to burn down the building where the social worker worked, and was reported to have suggested that he might have to kill people at the shelter where he was receiving food. Dr. Schultz testified that as a result of respondent's mental illness, he was at high risk of hurting himself or others because he lacked an understanding of reality, and was also irritable and aggressive. The record therefore supports the probate court's finding that respondent was a person requiring treatment under MCL 330.1401(1)(a) because as a result of respondent's mental illness, he could reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself or others, and he had engaged in acts or made significant threats that were substantially supportive of that expectation by clear and convincing evidence.

The record also supports the probate court's finding that respondent was a person requiring treatment under MCL 303.1401(1)(c) because respondent was unable to understand his need for treatment. Dr. Shultz testified that respondent did not understand his need for treatment, and respondent himself testified that he did not need any mental health treatment. In light of the testimony that respondent posed a threat to himself and others, the probate court properly found that there was clear and convincing evidence showing that respondent was so impaired by his mental illness that he was unable to understand his need for treatment, and that his impaired judgment presented a substantial risk of significant harm to himself or others in the near future. MCL 330.1401(1)(c); see *In re Portus*, __ Mich App __ , __; __ NW2d __ (2018) (Docket No. 337980); slip op at 3.

Affirmed.

/s/ Mark T. Boonstra
/s/ Kathleen Jansen
/s/ Michael F. Gadola